BAP No. CC-26-1031

## UNITED STATES BANKRUPTCY COURT
## BANKRUPTCY APPELLATE PANEL
## FOR THE NINTH CIRCUIT

*IN RE:* **BABAK KAZEMI SHIRAZI, DEBTOR**

**SEYED JAFAR JAFARI,
PLAINTIFF and APPELLANT**

**V.**

**BABAK KAZEMI SHIRAZI,
DEFENDANT and APPELLEE**

**Appeal from the United States Bankruptcy Court
for the Central District of California – Santa Ana Division
CHAPTER 7 CASE NO. 8:23-bk-10805-SC
ADVERSARY PROCEEDING NO. 8:23-ap-01109-SC
BAP NO. CC-26-1031**

### APPELLEES' EXCERPTS OF THE RECORD

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 353-9535
email: baruchcohen@baruchcohenesq.com

*Attorney For Appellee/Defendant Babak Kazemi Shirazi*

5/18-12:01pm

COMES NOW, Appellee/Defendant BABAK KAZEMI SHIRAZI, by and through his counsel, and submits this APPELLEES' EXCERPTS OF THE RECORD.

## TABLE OF CONTENTS (RELEVANT PORTION)

### 1. MOTION TO DISMISS – COMPLETE BRIEFING RECORD

| TAB # | ER # | DOC # | DOCUMENT DESCRIPTION |
|---|---|---|---|
| 1 | ER1 | 97 | Motion to Dismiss Adversary Proceeding |
| 2 | ER45 | 124 | Opposition to Motion to Dismiss |
| 3 | ER112 | **126** | **Reply to Opposition to Motion to Dismiss; Declaration of Baruch C. Cohen** *(Omitted from Appellant's Excerpts; completes briefing on Motion to Dismiss)* |

### 2. COURT'S RULING ON MOTION

| TAB # | ER # | DOC # | DOCUMENT DESCRIPTION |
|---|---|---|---|
| 4 | ER185 | 128 | Order Granting Motion to Dismiss |

DATED:     May 18, 2026

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By     */s/ Baruch C. Cohen*

Baruch C. Cohen, Esq.
*Attorney For Appellee/Defendant*
*Babak Kazemi Shirazi*

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 353-9535
baruchcohen@baruchcohenesq.com

Robert Marc Hindin, Esq. (SBN 64793)
Snow Vuong, Esq. (SBN 231513)
ROBERT HINDIN & ASSOCIATES, APLC
11400 W. Olympic Blvd., 2nd Fl.
Los Angeles, CA 90064
(310) 473-0337
Litigation@RobertHindinLaw.com

*Attorneys for Defendant Babak Kazemi Shirazi*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BABAK KAZEMI SHIRAZI,<br><br>    Debtor. | Case No. 8:23-bk-10805-SC<br><br>Chapter 7<br><br>Adv. 8:23-ap-01109-SC |
| SEYED JAFAR JAFARI,<br><br>    Plaintiff.<br><br>vs.<br><br>BABAK KAZEMI SHIRAZI,<br><br>    Defendant. | **REPLY TO OPPOSITION TO MOTION FOR DISMISSAL OF ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE; DECLARATION OF BARUCH COHEN IN SUPPORT THEREON**<br><br>Date: 1-20-2026<br>Time: 1:30pm<br>Place: 411 West Fourth Street, Santa Ana<br>Courtroom 5C |

Defendant Babak Kazemi Shirazi ("Defendant") hereby replies to Plaintiff Seyed Jafar

Jafari ("Plaintiff")'s opposition [Doc-124] to Defendant's Motion for Dismissal of Action with

Prejudice for Plaintiff's Failure to Prosecute [Doc-97].

1/7-3:05pm

1. **PROCEDURAL GRIEVANCES AND RHETORIC IN PLACE OF TIMELY, COMPLIANT OPPOSITION**

Plaintiff's Opposition does not confront the Motion to Dismiss on its merits. Instead, it recycles procedural complaints and inflammatory rhetoric – asserting defective service despite a filed substitution of counsel, accusing defense counsel of bad-faith "meet and confer" tactics, and minimizing discovery failures as harmless while they remain the subject of a separate withdrawal motion. On substance, the Opposition misstates bankruptcy law by invoking a stay that terminated upon Defendant's Chapter 7 discharge in November 2023 and never applied to post-petition conduct, including state court actions and a restraining order addressing post-petition harassment. In the end, Plaintiff substitutes accusations and policy slogans about "deciding cases on the merits" for compliance with Court orders and deadlines – precisely the conduct that brought this Motion before the Court.

2. **WHEN A COURT ORDER IS NOT A SUGGESTION: WILLFUL DEFIANCE AFTER AN EXPLICIT DISMISSAL WARNING**

Plaintiff's Opposition is precisely the misstep the Court warned would result in dismissal. In its October 28, 2025 Order [Doc-110], the Court continued the hearing on the Motion to Dismiss [Doc-97] to January 20, 2026 – but ruled unequivocally that all opposition deadlines "shall not be continued" and would remain as if the hearing proceeded on November 12, 2025, permitting no further pleadings. That order left no discretion and no ambiguity: the Opposition was due fourteen days before November 12, 2025 (October 29, 2025). Plaintiff filed nothing until 68 days later on January 5, 2026. This was not error or confusion; it was willful noncompliance with a direct Court order, after an express warning, and it independently compels dismissal..

3. **CONCEDED SERVICE, VAGUE AWARENESS, AND NO SHOWING OF DILIGENCE**

Plaintiff's new counsel attorney Evan Frank ("Frank") asserts that he was not properly served with Defendant's September 16, 2025 Motion to Dismiss [Doc-97], concedes that co-counsel Nassif was served, and vaguely claims that he only became aware of the motion

1/7-3:05pm

-2-

"significantly later," without providing any date, declaration, or explanation establishing diligence. The docket record tells a different story.

4. **SELF-INFLICTED ECF FAILURE: COUNSEL CANNOT CONVERT HIS OWN FILING DEFECTS INTO A NOTICE DEFENSE**

Plaintiff's claimed lack of ECF notice is entirely self-inflicted. Court records show that when Frank filed his Notice of Association and Substitution of Attorney in August 2025 – [Doc-91][1] and [Doc-93][2] – his filings failed to place him on the NEF service list – explaining why he did not receive automatic notice of the Motion to Dismiss. Why that happened is immaterial. ECF registration, appearance entries, and service-list inclusion are the responsibility of the filing attorney, not opposing counsel. Defendant properly served counsel of record through the Court's ECF system, which does not malfunction selectively. An attorney cannot create a service defect through his own filing errors and later weaponize it as an excuse for missed deadlines. Frank's notice argument therefore fails as a matter of procedure and common sense, particularly where he later received actual notice through subsequent filings and Court orders

5. **NOTICE TO ONE IS NOTICE TO ALL: SERVICE ON COUNSEL OF RECORD SATISFIES DUE PROCESS AND PROFESSIONAL STANDARDS**

Frank concedes that attorney Nassif – counsel of record at the time – was properly served and received the Motion to Dismiss through the Court's ECF system, which is dispositive. Service on counsel of record constitutes service on the party and the legal team, and it triggers a non-delegable duty to communicate the motion and comply with deadlines. Frank does not dispute Nassif's receipt or actual notice; he merely attempts to disclaim responsibility for his co-counsel's service. Courts do not permit litigants to fragment notice among multiple attorneys to manufacture procedural defenses. Any internal communication failure is a matter between Frank and Nassif,

---

[1] A true and correct copy of the NEF for Frank's 8-21-2025 Notice of Association of Counsel [Doc-91] is attached hereto as Exhibit "1" and is incorporated herein by this reference.

[2] A true and correct copy of the NEF for Frank's 8-31-2025 Substitution of Attorney [Doc-93] is attached hereto as Exhibit "2" and is incorporated herein by this reference.

1/7-3:05pm

-3-

not a defect in service, not a tolling of deadlines, and not a basis for relief.

6.    **MANUFACTURED SURPRISE: COUNSEL'S CLAIMED LACK OF NOTICE COLLAPSES UNDER THE DOCKET RECORD**

Any claim of surprise is foreclosed by the docket. Frank indisputably received ECF notice by October 20, 2025, when Defendant filed its Opposition to Plaintiff's Motion to Withdraw Deemed Admissions [Doc-109],[3] which expressly referenced the Motion to Dismiss With Prejudice [Doc-97]. Eight days later, the Court issued its October 28, 2025 Order [Doc-110],[4] continuing the hearing on the Motion to Dismiss but unequivocally preserving all opposition deadlines "as if hearing were to proceed on November 12, 2025," permitting no further pleadings. Frank then received additional ECF notices on November 4 and December 25, 2025 [Doc-116],[5] [Doc-120],[6] yet raised no service issue, sought no extension, and lodged no objection. Only after all deadlines expired did he file an opposition on January 5, 2026 and assert a technical notice defense. That sequence is not excusable neglect – it is gamesmanship, untimely, and procedurally barred, and it cannot revive an opposition abandoned in real time..

7.    **VAGUENESS IS NOT EVIDENCE: FRANK'S UNDATED, UNSWORN CLAIM FAILS AS A MATTER OF LAW**

Frank's assertion that he learned of the Motion to Dismiss "significantly later" is legally meaningless. It is unsworn, undated, unsupported by any declaration, and devoid of facts showing

---

[3] A true and correct copy of the NEF for Defendant's 10-20-2025 Defendant's Opposition to Plaintiff's Motion to Withdraw Deemed Admissions [Doc-109] is attached hereto as Exhibit "3" and is incorporated herein by this reference.

[4] A true and correct copy of the NEF for the Court's October 28, 2025, Order Continuing Hearings [Doc-110], is attached hereto as Exhibit "4" and is incorporated herein by this reference.

[5] A true and correct copy of the NEF for Defendant's 11-4-2025 Declaration of Baruch C. Cohen in Support of Defendant's Unopposed Motion to Dismiss With Prejudice on November 4, 2025 [Doc-116] is attached hereto as Exhibit "5" and is incorporated herein by this reference.

[6] A true and correct copy of the NEF for Defendant's 12-25-2025 Defendant's Supplemental Declaration of Baruch C. Cohen in Support of Defendant's Unopposed Motion to Dismiss With Prejudice [Doc-120] is attached hereto as Exhibit "6" and is incorporated herein by this reference.

1/7-3:05pm

-4-

diligence. Courts require evidence – not adverbs – to evaluate notice or excusable neglect. Frank does not say when he learned of the motion, how he learned of it, what he did upon learning of it, or why he failed to act within deadlines fixed by Court order. Absent sworn evidence establishing actual notice and prompt, reasonable response, the claim fails as a matter of law and cannot toll deadlines, revive waived rights, or excuse dismissal..

8. **MANUFACTURED OUTRAGE: FRANK'S "HARASSMENT" NARRATIVE COLLAPSES UNDER HIS OWN RECORD OF NON-RESPONSE**

Frank's claim that Defendant's meet-and-confer efforts constituted "harassment" is flatly refuted by Plaintiff's own record. Nassif admits under oath that he received nine meet-and-confer letters and responded to none – several of which were copied directly to Frank. Those letters were sent during the narrow discovery window expressly reopened by the Court on July 17, 2025 and were directly tethered to Court-authorized issues. Defendant's counsel engaged as required; Plaintiff's counsel chose silence. Nassif's health explanations do not excuse Frank's non-response, nor do they convert unanswered correspondence into misconduct. Meet-and-confer obligations require engagement, not indignation after the fact. The record establishes diligence by Defendant and abandonment by Plaintiff, rendering the "harassment" narrative baseless and reinforcing Plaintiff's failure to prosecute in good faith.

9. **FRANK'S RULE 36 ARGUMENT DOES NOT ADDRESS – AND CANNOT DEFEAT – DISMISSAL FOR FAILURE TO PROSECUTE**

Frank's Rule 36 argument misses the point. Defendant's Motion to Dismiss is not based on the evidentiary effect of deemed admissions, but on Plaintiff's failure to prosecute, failure to comply with Court orders, and sustained procedural abandonment. Rule 36(b) governs whether admissions may be withdrawn for purposes of litigating the merits; it does not shield a party from dismissal for months of missed deadlines and noncompliance. The cases Frank cites address withdrawal of admissions, not whether a court must excuse prolonged inaction. Because the Motion seeks dismissal independent of any RFAs, Rule 36 provides no defense and only underscores Plaintiff's failure to meaningfully respond to the grounds for dismissal.

1/7-3:05pm

-5-

10. **A STRAWMAN DEFENSE: FRANK ATTACKS AN AUTOMATIC STAY ARGUMENT THAT WAS NEVER THE FOCUS – WHILE THE RECORD ESTABLISHES VIOLATIONS OF THE DISCHARGE INJUNCTION AND LITIGATION MISCONDUCT**

Section B of Plaintiff's Opposition attacks a position Defendant did not advance. Defendant's motion does not turn on violation of the automatic stay under § 362 – which expired upon discharge and is not disputed – but on violations of the discharge injunction under § 524(a), which permanently bars post-discharge acts to collect or coerce payment on discharged claims. Frank devotes pages to § 362 case law while never addressing § 524(a) at all, never rebutting Defendant's contention that Plaintiff pursued post-discharge litigation as leverage on discharged obligations. That omission is dispositive. By constructing and defeating a strawman, Frank leaves Defendant's actual argument untouched and confirms a pattern of deflection rather than compliance – further supporting dismissal with prejudice.

11. **PROCEDURAL SABOTAGE: COUNSEL'S SILENCE, DELAY, AND POST-HOC OBJECTIONS PREJUDICE THE COURT**

Plaintiff's counsel has repeatedly disregarded the professional obligations that allow this Court to manage its docket efficiently. He ignored necessary meet-and-confer communications, including letters addressed directly to him, then remained silent through operative deadlines, only to surface months later with unsworn procedural objections raised after the damage was done. At no point did counsel timely seek clarification, request relief, or alert the Court to any claimed notice issue. This pattern forced avoidable disputes onto the Court, squandered judicial resources, and undermined the integrity of Court-ordered deadlines. Such conduct is not zealous advocacy; it is procedural sabotage. The resulting prejudice is institutional, and dismissal with prejudice is necessary to restore order and enforce compliance with this Court's processes.

12. **CONCLUSION: FINALITY IS NOT OPTIONAL – IT IS THE ONLY REMAINING REMEDY**

This case is no longer a close call. Plaintiff was expressly warned – repeatedly and in

1/7-3:05pm

writing – that further noncompliance would result in dismissal with prejudice. Despite proper ECF service, actual notice through multiple filings and Court orders, and extraordinary judicial patience, Plaintiff and his counsel responded with silence, missed deadlines, ignored meet-and-confer obligations, and post-hoc, unsworn excuses. The Opposition does not rebut the grounds for dismissal, explain the procedural failures, or engage the governing Ninth Circuit standards. Lesser sanctions have been exhausted. Continued tolerance would prejudice Defendant, burden the Court, and undermine the authority of its orders. This action has been abandoned in practice and defied in procedure. Accordingly, Defendant respectfully requests that the Court enforce its orders and dismiss this adversary proceeding with prejudice.

DATED: January 7, 2026     ROBERT HINDIN & ASSOCIATES, APLC

By   */s/ Robert Marc Hindin*
Robert Marc Hindin, Esq.
*Attorney for Defendant Babak Kazemi Shirazi*

DATED: January 7, 2026     LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By   */s/ Baruch C. Cohen*
Baruch C. Cohen, Esq.
*Attorney for Defendant Babak Kazemi Shirazi*

1/7-3:05pm

-7-

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I am 2nd chair trial counsel to Defendant Babak Kazemi Shirazi.

5. This Declaration is in support of **REPLY TO OPPOSITION TO MOTION FOR DISMISSAL OF ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE**.

6. A true and correct copy of the NEF for Frank's 8-21-2025 Notice of Association of Counsel [Doc-91] is attached hereto as Exhibit "1" and is incorporated herein by this reference.

7. A true and correct copy of the NEF for Frank's 8-31-2025 Substitution of Attorney [Doc-93] is attached hereto as Exhibit "2" and is incorporated herein by this reference.

8. A true and correct copy of the NEF for Defendant's 10-20-2025 Defendant's Opposition to Plaintiff's Motion to Withdraw Deemed Admissions [Doc-109] is attached hereto as Exhibit "3" and is incorporated herein by this reference.

9. A true and correct copy of the NEF for the Court's October 28, 2025, Order Continuing Hearings [Doc-110], is attached hereto as Exhibit "4" and is incorporated herein by this reference.

10. A true and correct copy of the NEF for Defendant's 11-4-2025 Declaration of Baruch C.

1/7-3:05pm

-8-

Cohen in Support of Defendant's Unopposed Motion to Dismiss With Prejudice on November 4, 2025 [Doc-116] is attached hereto as Exhibit "5" and is incorporated herein by this reference.

11.    A true and correct copy of the NEF for Defendant's 12-25-2025 Defendant's Supplemental Declaration of Baruch C. Cohen in Support of Defendant's Unopposed Motion to Dismiss With Prejudice [Doc-120] is attached hereto as Exhibit "6" and is incorporated herein by this reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 7, 2026, at Los Angeles, California.

By *Baruch Cohen*
BARUCH C. COHEN

1/7-3:05pm                                                -9-

# EXHIBIT "1"

| **From:** | cmecfhelpdesk@cacb.uscourts.gov |
| **Sent:** | Thursday, August 21, 2025 8:55 AM |
| **To:** | Courtmail@cacb.uscourts.gov |
| **Subject:** | 8:23-ap-01109-SC Notice |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from Nicholas S Nassif entered on 8/21/2025 at 5:54 AM PDT and filed on 8/21/2025

| **Case Name:** | Jafari v. Kazemi Shirazi |
| **Case Number:** | 8:23-ap-01109-SC |
| **Document Number:** | 91 |

**Docket Text:**
Notice *of Association of Counsel of Evan Barkley Frank* Filed by Plaintiff Seyed Jafar Jafari. (Nassif, Nicholas)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Notice of Association of Counsel of Evan Frank- To File.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/21/2025] [FileNumber=109071441
-0] [05030a0cc0750c4804dedca2c44a137c04f77e89027f81317cb8bd647d7cb4a69
8d1a2be614bd404dfde92b5a21eef87bbbcceee9dd9cde6785a0c5d7604d467]]

**8:23-ap-01109-SC Notice will be electronically mailed to:**

Joseph E Caceres on behalf of Interested Party Courtesy NEF
jec@locs.com, generalbox@locs.com

Baruch C Cohen on behalf of Defendant Babak Kazemi Shirazi
baruchcohen@baruchcohenesq.com, paralegal@baruchcohenesq.com

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

Nicholas S Nassif on behalf of Plaintiff Seyed Jafar Jafari
nsnassif@pacbell.net, kittima@pacbell.net

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Snow Vuong on behalf of Defendant Babak Kazemi Shirazi
snow@roberthindinlaw.com

**8:23-ap-01109-SC Notice will not be electronically mailed to:**

Robert Hindin on behalf of Defendant Babak Kazemi Shirazi
Robert Hindin & Associates APLC
11400 W Olympic Blvd 2nd Fl
Los Angeles, CA 90064

Daren Schlecter
10866 Wilshire Blvd.
Suite 1270
Los Angeles, CA 90024

**EXHIBIT "2"**

| | |
|---|---|
| **From:** | cmecfhelpdesk@cacb.uscourts.gov |
| **Sent:** | Sunday, August 31, 2025 11:45 AM |
| **To:** | Courtmail@cacb.uscourts.gov |
| **Subject:** | 8:23-ap-01109-SC Substitution of attorney |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from Nicholas S Nassif entered on 8/31/2025 at 8:45 AM PDT and filed on 8/31/2025

**Case Name:**      Jafari v. Kazemi Shirazi
**Case Number:**     8:23-ap-01109-SC
**Document Number:** 93

**Docket Text:**
Substitution of attorney Filed by Plaintiff Seyed Jafar Jafari. (Nassif, Nicholas)

The following document(s) are associated with this transaction:

 **Document description:** Main Document
 **Original filename:** F2091-1.1SUBSTITUTIONATTY- FRANK-EVAN- To File- 8-31-2025.pdf
 **Electronic document Stamp:**
 [STAMP bkecfStamp_ID=1106918562 [Date=8/31/2025] [FileNumber=109142412
 -0] [2d541592634a754a839babb10d91e064fb65d5c81ff6bbb75ba9288ba5b9f2f91
 2d022200b94afcc77885e3324aa6888ee9e165352a538b71795c1c0453a6f22]]

**8:23-ap-01109-SC Notice will be electronically mailed to:**

Joseph E Caceres on behalf of Interested Party Courtesy NEF
jec@locs.com, generalbox@locs.com

Baruch C Cohen on behalf of Defendant Babak Kazemi Shirazi
baruchcohen@baruchcohenesq.com, paralegal@baruchcohenesq.com

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

Nicholas S Nassif on behalf of Plaintiff Seyed Jafar Jafari
nsnassif@pacbell.net, kittima@pacbell.net

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Snow Vuong on behalf of Defendant Babak Kazemi Shirazi
snow@roberthindinlaw.com

**8:23-ap-01109-SC Notice will not be electronically mailed to:**

Evan Barkley Frank on behalf of Plaintiff Seyed Jafar Jafari
1280 S Victoria Ave Ste 200
Ventura, CA 93003-6551

Robert Hindin on behalf of Defendant Babak Kazemi Shirazi
Robert Hindin & Associates APLC
11400 W Olympic Blvd 2nd Fl
Los Angeles, CA 90064

Daren Schlecter
10866 Wilshire Blvd.
Suite 1270
Los Angeles, CA 90024

2

# EXHIBIT "3"

| From: | cmecfhelpdesk@cacb.uscourts.gov |
|---|---|
| Sent: | Monday, October 20, 2025 2:02 PM |
| To: | Courtmail@cacb.uscourts.gov |
| Subject: | 8:23-ap-01109-SC Opposition |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from Baruch C Cohen entered on 10/20/2025 at 11:02 AM PDT and filed on 10/20/2025

**Case Name:**      Jafari v. Kazemi Shirazi
**Case Number:**      8:23-ap-01109-SC
**Document Number:** 109

**Docket Text:**
Opposition to (related document(s): [105] Motion filed by Plaintiff Seyed Jafar Jafari) Filed by Defendant Babak Kazemi Shirazi (Cohen, Baruch)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**2025-10-20_JafariAdv_Opp to Mot Withdraw Admissions.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/20/2025] [FileNumber=10947967
4-0] [0fa18ed3e80e05a729113c0dd06ed83afe5b96177f2f033d809fcd3a0c824cd9
0836a13fe89de11c8a4882d9249c230ff7de456fa2471a56210dff8c7363ce50]]

**8:23-ap-01109-SC Notice will be electronically mailed to:**

Joseph E Caceres on behalf of Interested Party Courtesy NEF
jec@locs.com, generalbox@locs.com

Baruch C Cohen on behalf of Defendant Babak Kazemi Shirazi
baruchcohen@baruchcohenesq.com, paralegal@baruchcohenesq.com

1

Evan Barkley Frank on behalf of Plaintiff Seyed Jafar Jafari
EvanBFrankLaw@Gmail.com

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Snow Vuong on behalf of Defendant Babak Kazemi Shirazi
snow@roberthindinlaw.com

**8:23-ap-01109-SC Notice will not be electronically mailed to:**

Robert Hindin on behalf of Defendant Babak Kazemi Shirazi
Robert Hindin & Associates APLC
11400 W Olympic Blvd 2nd Fl
Los Angeles, CA 90064

Daren Schlecter
10866 Wilshire Blvd.
Suite 1270
Los Angeles, CA 90024

**EXHIBIT "4"**

| | |
|---|---|
| **From:** | cmecfhelpdesk@cacb.uscourts.gov |
| **Sent:** | Tuesday, October 28, 2025 4:48 PM |
| **To:** | Courtmail@cacb.uscourts.gov |
| **Subject:** | 8:23-ap-01109-SC  Docket Entry #110 has been updated |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court
### Central District of California
Notice of Electronic Filing

The following transaction was edited by Bolte, Nickie on 10/28/2025 at 1:47 PM PDT

**Case Name:**     Jafari v. Kazemi Shirazi

**Case Number:**     8:23-ap-01109-SC

**Document Number:** 110

**Description of changes:**

Modified Dkt text from:

Order Continuing Hearings On: Motion To Withdraw Admissions Deemed Admitted (Docket [105]); Motion To Dismiss Adversary Proceeding (Docket [97]); Order To Show Cause (Docket [71]) And Pre-Trial Conference. IT IS ORDERED: 1. The MOTION TO WITHDRAW ADMISSIONS DEEMED ADMITTED (Docket [105]) Is CONTINUED From November 4, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. A Reply To The Opposition, If Any, However, Remains Due By October 28, 2025. No Further Pleadings Shall Be Permitted. 2. The MOTION TO DISMISS ADVERSARY PROCEEDING (Docket [97]) Is CONTINUED From November 12, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. All Responsive Pleading (i.e., Opposition And Reply) Deadlines Shall Not Be Continued And Shall Remain As If Hearing Were To Proceed On November 12, 2025. Other Than Such Pleadings, No Further Pleadings Shall Be Permitted. 3. The Hearing On The ORDER TO SHOW CAUSE (Docket [71]) Is CONTINUED From December 11, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. 4. The PRE-TRIAL CONFERENE Set For December 11, 2025, Is CONTINUED TO FEBRUARY 17, 2026, AT 1:30 P,M,, With A Proposed Pre-Trial Statement Due 14 Days In Advance. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [105]) Signed on 10/28/2025 (NB8)

to:

Order Continuing Hearings On: Motion To Withdraw Admissions Deemed Admitted (Docket [105]); Motion To Dismiss Adversary Proceeding (Docket [97]); Order To Show Cause (Docket [71]) And Pre-Trial

Conference. IT IS ORDERED: 1. The MOTION TO WITHDRAW ADMISSIONS DEEMED ADMITTED (Docket [105]) Is CONTINUED From November 4, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. A Reply To The Opposition, If Any, However, Remains Due By October 28, 2025. No Further Pleadings Shall Be Permitted. 2. The MOTION TO DISMISS ADVERSARY PROCEEDING (Docket [97]) Is CONTINUED From November 12, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. All Responsive Pleading (i.e., Opposition And Reply) Deadlines Shall Not Be Continued And Shall Remain As If Hearing Were To Proceed On November 12, 2025. Other Than Such Pleadings, No Further Pleadings Shall Be Permitted. 3. The Hearing On The ORDER TO SHOW CAUSE (Docket [71]) Is CONTINUED From December 11, 2025, TO JANUARY 20, 2026, AT 1:30 P.M. 4. The PRE-TRIAL CONFERENCE Set For December 11, 2025, Is CONTINUED TO FEBRUARY 17, 2026, AT 1:30 P.M,, With A Proposed Pre-Trial Statement Due 14 Days In Advance. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [105]) Signed on 10/28/2025 (NB8)

Case 8:23-01209-SC Document 126: Filed 01/07/26 Entered 01/07/26 16:53:38 Desc
Main Document    Page 21 of 28

2

# EXHIBIT "5"

**From:**                 cmecfhelpdesk@cacb.uscourts.gov
**Sent:**                 Tuesday, November 4, 2025 5:23 PM
**To:**                   Courtmail@cacb.uscourts.gov
**Subject:**              8:23-ap-01109-SC Declaration

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Central District of California

Notice of Electronic Filing

The following transaction was received from Baruch C Cohen entered on 11/4/2025 at 2:23 PM PST and filed on 11/4/2025
**Case Name:**        Jafari v. Kazemi Shirazi
**Case Number:**      8:23-ap-01109-SC
**Document Number:** 116

**Docket Text:**
Declaration re: *in Support of Motion to Dismiss the Adversary Proceeding with Prejudice for Plaintiffs Failure to Prosecute* Filed by Defendant Babak Kazemi Shirazi (RE: related document(s)[94] Motion to Dismiss Adversary Proceeding *Notice of Hearing and Motion for Dismissal of Action with Prejudice for Plaintiffs Failure to Prosecute; Declaration of Baruch Cohen in Support Thereon*). (Cohen, Baruch)

The following document(s) are associated with this transaction:

 **Document description:**Main Document
 **Original filename:**2025-11-04_JafariAdv_BCC Dec ISO Unopposed MTD.pdf
 **Electronic document Stamp:**
 [STAMP bkecfStamp_ID=1106918562 [Date=11/4/2025] [FileNumber=109585122
 -0] [179f0e06f4d359dce613138508d2ed8bc7c11b0d97f3f796022e1cbfe4ad1a888
 60b40804850078d25327fc6aae807fac4b0ef84927e7d66a69eff950d641508]]

**8:23-ap-01109-SC Notice will be electronically mailed to:**

Joseph E Caceres on behalf of Interested Party Courtesy NEF
jec@locs.com, generalbox@locs.com

1

Baruch C Cohen on behalf of Defendant Babak Kazemi Shirazi
baruchcohen@baruchcohenesq.com, paralegal@baruchcohenesq.com

Evan Barkley Frank on behalf of Plaintiff Seyed Jafar Jafari
EvanBFrankLaw@Gmail.com

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Snow Vuong on behalf of Defendant Babak Kazemi Shirazi
snow@roberthindinlaw.com

**8:23-ap-01109-SC Notice will not be electronically mailed to:**

Robert Hindin on behalf of Defendant Babak Kazemi Shirazi
Robert Hindin & Associates APLC
11400 W Olympic Blvd 2nd Fl
Los Angeles, CA 90064

Daren Schlecter
10866 Wilshire Blvd.
Suite 1270
Los Angeles, CA 90024

# EXHIBIT "6"

| | |
|---|---|
| **From:** | cmecfhelpdesk@cacb.uscourts.gov |
| **Sent:** | Monday, December 22, 2025 12:03 PM |
| **To:** | Courtmail@cacb.uscourts.gov |
| **Subject:** | 8:23-ap-01109-SC Declaration |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

## U.S. Bankruptcy Court

## Central District of California

Notice of Electronic Filing

The following transaction was received from Baruch C Cohen entered on 12/22/2025 at 9:03 AM PST and filed on 12/22/2025

**Case Name:**    Jafari v. Kazemi Shirazi
**Case Number:**    8:23-ap-01109-SC
**Document Number:** 120

**Docket Text:**
Declaration re: *Supplemental Declaration* Filed by Defendant Babak Kazemi Shirazi (RE: related document(s)[97] Motion to Dismiss Adversary Proceeding *Notice of Hearing and Motion for Dismissal of Action with Prejudice for Plaintiffs Failure to Prosecute; Declaration of Baruch Cohen in Support Thereon*). (Cohen, Baruch)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 2025-12-22_JafariAdv_BCC 2nd Dec ISO MTD.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=12/22/2025] [FileNumber=10989775 8-0] [1db4fa4a2423f75fd1e0435db4c948ce425c514d22360dca8a93870ac1784b3d 8ef9ceb4dd5b52df8c4a08bbcc1199920b8d23500747a5f490e75b5d9a5e5103]]

**8:23-ap-01109-SC Notice will be electronically mailed to:**

Joseph E Caceres on behalf of Interested Party Courtesy NEF
jec@locs.com, generalbox@locs.com

1

Baruch C Cohen on behalf of Defendant Babak Kazemi Shirazi
baruchcohen@baruchcohenesq.com, paralegal@baruchcohenesq.com

Evan Barkley Frank on behalf of Plaintiff Seyed Jafar Jafari
EvanBFrankLaw@Gmail.com

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Snow Vuong on behalf of Defendant Babak Kazemi Shirazi
snow@roberthindinlaw.com

**8:23-ap-01109-SC Notice will not be electronically mailed to:**

Robert Hindin on behalf of Defendant Babak Kazemi Shirazi
Robert Hindin & Associates APLC
11400 W Olympic Blvd 2nd Fl
Los Angeles, CA 90064

Daren Schlecter
10866 Wilshire Blvd.
Suite 1270
Los Angeles, CA 90024

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **REPLY TO OPPOSITION TO MOTION FOR DISMISSAL OF ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE; DECLARATION OF BARUCH COHEN IN SUPPORT THEREON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/7/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (DF)          bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Joseph E Caceres (IP)        jec@locs.com, generalbox@locs.com
Evan Barkley Frank (PL)      EvanBFrankLaw@Gmail.com
Weneta M.A. Kosmala (TR)     ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com; dmf@txitrustee.com;
                             sdk@txitrustee.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Snow Vuong (DF)              snow@roberthindinlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 1/7/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/7/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Personal Delivery:
Hon. Scott C. Clarkson, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/7/2026 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|----------|----------------------|---------------------|
| *Date* | *Printed Name* | *Signature* |

**PROOF OF SERVICE OF DOCUMENT**
**Seyed Jafar Jafari vs. Babak Kazemi Shirazi**
**BAP # CASE NO: CC-26-1031**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation
4929 WILSHIRE BOULEVARD, SUITE 940
LOS ANGELES CA 90010

A true and correct copy of the foregoing document entitled: **APPELLEES' EXCERPTS OF THE RECORD** will be served or was served in the manner stated below:

SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 15, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

COUNSEL FOR PLAINTIFF
EvanBFrankLaw@Gmail.com
Evan Barkley Frank, Esq.
1280 S Victoria Ave Ste 200
Ventura CA 93003-6551

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

DATED: May 18, 2026                    By ___/s/ Baruch C. Cohen_____
                                                      Baruch C. Cohen, Esq.

5/18-12:01pm                                  2